IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ELLIOT H. DICKSON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FORNEY ENTERPRISES, INC. and )<br>FIDELITY AND DEPOSIT COMPANY OF )<br>MARYLAND, )<br>)<br>    Defendants. ) | Civil Action No. 1:20-cv-129 |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on cross motions for summary judgment by Plaintiff and Defendant Fidelity and Deposit Company of Maryland ("F&D").

From November 2015 to February 2019, Plaintiff, a professional engineer, worked as Project Manager on a project to repair and upgrade certain stairs at the Pentagon. Plaintiff subcontracted with prime contractor Defendant Forney Enterprises, Inc. ("Forney") on this project. Plaintiff's duties in this role included "ensuring that the project was sufficiently supplied with materials and labor to assemble the project[,] to organize and oversee job site activities[,] and field supervision to coordinate all the subcontractors' work." Plaintiff also coordinated deliveries of materials, inspected materials, performed field

measurements, and supervised demolition of concrete. Most, if not all, of these tasks required Plaintiff to be at the project site daily.

On December 20, 2018, the Washington Headquarters Services (a U.S. Department of Defense Field Activity) terminated its contract with Forney with respect to the project on which Plaintiff was subcontracted. Forney was directed to stop all work, with exceptions for the in-progress work on two sites, the provision of acceptable deliverables for the completed work, and the cleaning of the work site. This non-terminated work was to be completed by January 31, 2019. As the Washington Headquarters Services had not yet received its requested materials inventory by that date, it notified Forney to submit this inventory by February 11. To complete this task, Plaintiff conducted an inventory of materials at the project site on February 8, 2019. This is the final date Plaintiff claims that he performed any work at the project site.

Defendant F&D is a surety company responsible for issuing payment and other surety bonds in connection with the project. On January 10, 2019, Plaintiff submitted to Defendant F&D a claim for $401,400 (later amended to $442,600) for his work on the project. On January 14, 2020, Defendant F&D sent Plaintiff a letter denying Plaintiff's claim, citing as its reason the "insufficiency of [Plaintiff's] Proof of Claim" and requesting Plaintiff "resubmit [his] Proof of Claim in accordance with [the] guidelines." Written

messages from Defendant F&D included notice that the communication was for "purposes of investigation only" and reserved "all rights and defenses." Some time later, Defendant F&D ceased communicating with Plaintiff, and Plaintiff has not recovered any amount of his claim.

Plaintiff filed the present action on February 5, 2020. The Complaint alleges that Defendant F&D must pay Plaintiff, pursuant to the Miller Act, the amount he is owed for the labor he performed on the project. Both Plaintiff and Defendant F&D have filed motions for summary judgment. Defendant F&D asserts that it is entitled to summary judgment because (1) Plaintiff did not perform "labor" as contemplated by the Miller Act and (2) Plaintiff failed to bring his action within the applicable statute of limitations. Plaintiff asserts that he is entitled to summary judgment because he has presented undisputed evidence of Defendant's liability under the Miller Act so that no reasonable jury could return a verdict for Defendant F&D.

The Court finds that Plaintiff failed to show he furnished labor or materials within the definition of the Miller Act. Thus, Defendant F&D is not liable to Plaintiff for the amount claimed on the payment bond. The Court also finds Plaintiff's claim is barred by the statute of limitations. Each ground for judgment is addressed in turn.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the ultimate resolution of the case will preclude the entry of summary judgment. Id.

The Miller Act is a remedial statute that provides, in relevant part, that any government contractor awarded a construction project worth more than $100,000 must obtain surety bonds. See 40 U.S.C. § 3131(b). And "every person that has furnished labor or material carrying out work provided for in contract" is entitled to payment under these bonds. Id. If such person is not paid in full within 90 days of the final date he furnished labor or materials, he is entitled to bring a claim for payment in U.S. district court. See § 3133(b). A successful Miller Act claim, then, requires a plaintiff to show (1) he furnished labor or materials to a project covered by the payment bond and (2) the surety did not pay the claim in full within 90 days. The parties agree that Defendant F&D refused to pay Plaintiff's claim, leaving the only disputed issue whether Plaintiff, as a matter of law, furnished labor or materials to the project.

Not all work on a project is recoverable under the Miller

4

Act. Though the Miller Act itself does not define "labor," courts have limited the term to refer only to physical toil or manual labor. See, e.g., U.S. for Use of Barber-Colman Co. v. U.S. Fid. & Guar. Co., 1994 WL 108502, at *3 (4th Cir. 1994). Supervisory work generally is not recoverable unless the supervisor also performs manual labor. See U.S. ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 597 (E.D. Va. 2004). The fact that a task is performed on the work site does not alone deem it recoverable. See id. "[C]lerical or administrative tasks [] even if performed at the job site, do not involve the physical toil or manual work necessary to bring them within the scope of the Miller Act." Id.

Plaintiff's testimony shows that his primary duty was to supervise and manage the physical labor and materials supplied by other personnel. Any management work ("paperwork," as he describes in his testimony) is clerical, excluding it from scope of the Miller Act. And any de minimus physical work by Plaintiff was merely incidental to his contractual duty to supervise. Taking field measurements and inspecting materials, for example, were administrative tasks incidental to his role as project manager. While these tasks may require some minor physical exertion, they do not rise to the level of physical toil necessary to recover under the Miller Act. See Prime Mech. Serv., Inc. v. Fed. Sols. Grp., Inc., No. 18-CV-03307-MMC, 2018 WL 6199930, at *3 (N.D. Cal.

5

Nov. 28, 2018) (taking "on-site field measurements" involved some minor physical activity, but it is not the type of physical "toil" required by the Miller Act).

If the Court were to accept Plaintiff's assertion that "labor" under the statute includes even minor physical activity incidental to his contractual responsibilities, it would strip essentially all limitation from the Miller Act's labor requirement. Any subcontractor (e.g., an accountant or engineer) would then be a proper claimant under the Miller Act so long as he performed his work at the construction site and tidied his office on occasion. The Court is unwilling to apply such an interpretation of the Miller Act's "labor" requirement. Plaintiff is not a proper claimant pursuant to the Miller Act because he did not perform the physical labor required under the law.

But even if Plaintiff performed some labor within the scope of the Miller Act, the Complaint fails to satisfy the statute of limitations. A claimant must file his complaint in U.S. district court "no later than one year after the day on which the last of the labor was performed or material was supplied" by the claimant. 40 U.S.C. § 3133(b)(4). To determine the date on which the statute of limitations begins to run, a court should consider "whether the work was performed and the material supplied as a part of the original contract or for the purpose of correcting defects, or making repairs following inspection of the project." <u>U.S. for Use</u>

6

of Noland Co. v. Andrews, 406 F.2d 790, 792 (4th Cir. 1969) (internal quotations omitted). Tasks performed after the completion of the project are not considered labor for the purpose of extending the statute of limitations period.

In this case, the project concluded on January 31, 2019 when the work on the prime contract was completed. The one-year statute of limitations began to run on that date. Work performed after the termination of the prime contract, like the inventory Plaintiff conducted February 8, 2019, is a post-project task and thus not recoverable under the Miller Act. See U.S. for Use & Benefit of T.M.S. Mech. Contractors, Inc. v. Millers Mut. Fire Ins. Co. of Texas, 942 F.2d 946, 953 (5th Cir. 1991) ("[A] subcontractor cannot recover on a Miller Act payment bond for the cost of labor and materials provided after the termination of work under a government construction project.").

Further, a materials inventory is not within the scope of the Miller Act labor requirement. It is a clerical task that does not extend the statute of limitations period beyond the January 31, 2019 date. See U.S. ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 597 (E.D. Va. 2004). Plaintiff filed the Complaint February 5, 2020, after the statute of limitations expired.

Plaintiff alternatively argues that he is entitled to equitable tolling of the statute of limitations. He asserts

7

Defendant F&D delayed formal denial of Plaintiff's claim as "part of an intentional scheme to induce [Plaintiff] to delay filing suit" beyond the statute of limitations.

The doctrine of equitable estoppel may be applied in circumstances where one party relies in good faith, and to his detriment, on representations by the other party. See U.S. for Use & Benefit of Humble Oil & Ref. Co. v. Fid. & Cas. Co. of New York, 402 F.2d 893, 897 (4th Cir. 1968) ("Estoppel arises where one, by his conduct, lulls another into a false security, and into a position he would not take only because of such conduct."). A plaintiff need not show evidence of actual fraud, but he must show that he *reasonably* relied on the defendant's representations when he allowed the statute of limitations to expire before filing suit. See id. (noting that plaintiff reasonably relied on defendant's representations, and "[i]t is not necessary that the representations and conduct should be labelled as fraudulent in a strict legal sense").

Plaintiff asserts that Defendant F&D made representations inducing him to believe Defendant F&D would make payment on his claim. But the undisputed facts of this case indicate that Defendant F&D's actions would not have induced a reasonable claimant to delay filing an action. To the contrary, written communications to Plaintiff from Defendant F&D included an express reservation of rights and directed Plaintiff not to interpret any

8

communication as an "acknowledgment of liability."

Defendant F&D certainly acknowledged a willingness to investigate Plaintiff's claim, but the U.S. Court of Appeals for the Fourth Circuit has distinguished a promise to investigate from a promise to pay. Compare U.S. ex rel. E. Coast Contracting, Inc. v. U.S. Fid. & Guar. Co., 133 F. App'x 58, 60 (4th Cir. 2005) ("USF&G's promise to investigate is not the same as the surety's promise in Humble Oil because in that case the surety acknowledged it would pay."), with Humble Oil, 402 F.2d at 896. Defendant F&D made no such acknowledgment to pay Plaintiff's claim, only to investigate.

Contrary to Plaintiff's assertion, Defendant F&D's January 14, 2020 letter denying Plaintiff's claim was not objectively misleading. It explicitly states that Plaintiff failed to prove he was eligible for payment under the bond. Though the letter also states that Plaintiff would be permitted to revise and resubmit his Proof of Claim, this would not induce a reasonable claimant to delay filing a civil action in court. This is especially true in this case, given (as Plaintiff describes) Defendant F&D had been dragging its feet to investigate his claim for more than a year.

Moreover, a plaintiff may bring a civil action under the Miller Act at any time after he files a claim with the surety, provided that he waits the requisite 90 days following his last day of performance on the project. 40 U.S.C. § 3133(b)(4).

9

Plaintiff had the better part of a year to file an action but chose to wait until after Defendant F&D denied his claim. The Miller Act provided Plaintiff an alternative remedy to the claims process, and he has failed to show that Defendant F&D misled him to believe his alternative remedy was unavailable. Plaintiff is not entitled to equitable tolling of the statute of limitations in this matter.

For the foregoing reasons, it is the opinion of this Court that Defendant F&D is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56. An accompanying order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April  19 , 2021