IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ELLIOT H. DICKSON, )
                                  )
        Plaintiff, )
                                  )
v.                              )    Civil Action No. 1:20cv0129 (CMH/JFA)
                                  )
FORNEY ENTERPRISES, INC., )
                                  )
        Defendant. )
                                  )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff Elliot H. Dickson's ("plaintiff") motion for default judgment against defendant Forney Enterprises, Inc. ("Forney" or "defendant"). (Docket no. 82). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On February 5, 2020, plaintiff filed a complaint against defendant alleging breach of contract (count I) and Miller Act violations (count II).[1] (Docket no. 1). On June 10, 2020, plaintiff filed a second amended complaint after being granted leave to do so. (Docket no. 38) ("Compl."). A summons was issued for service on defendant on June 25, 2020. (Docket no. 42). On July 9, 2020, plaintiff filed an affidavit for service of process on the Secretary of the Commonwealth of Virginia that indicated that legal service was made on the Secretary of the

---

[1] Plaintiff originally included the surety in the suit as to count II, but the surety's motion for summary judgment was granted and it was dismissed from the case. (Docket nos. 1, 7, 33, 38, 77).

1

Commonwealth, as statutory agent for defendant pursuant to Virginia law, and that the summons and complaint were mailed to defendant on July 6, 2020. (Docket no. 45). In accordance with Federal Rule of Civil Procedure 12(a) and Virginia Code Section 8.01-329(c)(3), the certificate of compliance was filed with the court on July 9, 2020 and defendant's responsive pleading was due on July 30, 2020, twenty-one (21) days after the filing of the certificate of compliance. Defendant has not filed a responsive pleading and the time for doing so has expired.

On June 10, 2021, the court ordered plaintiff to obtain a default from the Clerk of Court; file a motion for default judgment, memorandum in support, and a notice of hearing on the motion for default judgment for July 9, 2021; and mail copies of the notice of hearing, motion for default judgment, and memorandum in support to defendant. (Docket no. 78). On June 11, 2021, plaintiff requested an entry of default as to defendant. (Docket no. 80). The Clerk of Court entered default as to Forney on June 17, 2021. (Docket no. 81). On the same day, plaintiff filed a motion for default judgment, memorandum in support, and a notice of hearing for July 9, 2021. (Docket nos. 82–84). On June 25, 2021, the court ordered plaintiff to provide supplemental briefing on two issues, which plaintiff did that day. (Docket nos. 85–86). On July 9, 2021, this motion was called in open court and plaintiff's counsel appeared, but no one appeared on behalf of defendant.

## Factual Background

The following facts are established by the second amended complaint. (Docket no. 38). Defendant entered into a contract with an agent of the United States government to perform work at the Pentagon in Arlington, Virginia. (Compl. ¶ 11). That contract was the prime contract. (*See* Compl. ¶¶ 11–12). Defendant entered into a subcontract with plaintiff on or about November 1, 2015 wherein plaintiff, a professional engineer, would perform services identified

2

in the subcontract. (Compl. ¶¶ 14–15). Plaintiff performed those services. (Compl. ¶¶ 16–20). Defendant's right to proceed on various work under the prime contract was terminated as of December 31, 2018, but the termination was only partial and defendant remained responsible for fulfilling some aspects of the prime contract. (Compl. ¶¶ 21–22). Plaintiff requested additional time for work to proceed on the contract and additional time was allowed through January 31, 2019, and then extended again multiple times through February 25, 2019. (Compl. ¶¶ 23–25). Defendant failed to pay plaintiff for all of the services plaintiff provided despite plaintiff performing all obligations and satisfying all conditions for which plaintiff was responsible except for those obligations or duties that had been excused, waived, or otherwise discharged or that plaintiff was prevented from doing by defendant. (Compl. ¶¶ 90–91).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendant's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as to defendant. (Docket no. 81).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 613 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a

court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff alleges that this matter is properly before this court pursuant to 40 U.S.C. § 3133 and 28 U.S.C. §§ 1331, 1367 based on the Miller Act, federal question jurisdiction, and supplemental jurisdiction.[2] (Compl. ¶¶ 5–8).

The Miller Act applies to those who "deal directly with the prime contractor." *United States v. WNH Ltd. P'ship*, 995 F.2d 515, 518 (4th Cir. 1993) (quoting *Clifford F. MacEvoy Co. v. United States ex rel. Calvin Tomkins Co.*, 322 U.S. 102, 107 (1944)). In this case, subject matter jurisdiction over the subcontract is appropriate because plaintiff had a direct contractual relationship with Forney, the prime contractor. The court may exercise supplemental jurisdiction over the state law claim because it arises from a common nucleus of operative fact. *See* 28 U.S.C. § 1367(a); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Although plaintiff may technically still has a Miller Act claim against Forney, his Miller Act claim against the surety was found not to be viable.[3] (Docket no. 76 at 6–7, 10). Plaintiff's Miller Act claim against Forney is therefore also not viable. Complete diversity is also lacking between plaintiff and defendant because plaintiff is a citizen of Maryland and defendant is a Maryland corporation with its principal place of business in Maryland. (Compl. ¶¶ 1–2).

---

[2] Plaintiff incorrectly asserts supplemental jurisdiction is authorized by 11 U.S.C. § 1367. (Compl. ¶ 8).

[3] The court found the defendant surety was entitled to summary judgment because plaintiff did not provide "labor" or material as defined by the Miller Act and plaintiff's Miller Act claim was barred by the statute of limitations. (Docket no. 76 at 6–7, 10).

4

"[A] court has discretion to dismiss or keep a case when it 'has dismissed all claims over which it has original jurisdiction.'" *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (quoting 28 U.S.C. § 1367(c)(3)). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284 (3d Cir. 1993)). The breach of contract claim clearly arises out of the same common nucleus of operative facts as the Miller Act claim. The Miller Act essentially creates a federal breach of contract claim for subcontractors against prime contractors that breach the subcontract where the prime contract is a government contract. Here, the state law breach of contract claim arises from the same breach of the contract as the Miller Act claim. (*See* Compl. ¶¶ 88–108). The court therefore may exercise supplemental jurisdiction over the state law breach of contract claim; however, because the court does not have original jurisdiction over this claim (because the parties are not diverse) and the Miller Act claim against Forney is not viable, the court may decline to exercise supplemental jurisdiction over this claim.

Plaintiff argues that entering default judgment on an admitted set of facts rather than requiring plaintiff to refile and serve defendant again would promote judicial economy. (Docket no. 86 at 8). Plaintiff also notes that the dismissal of the Miller Act claim against the surety is on appeal and asserts that if the Fourth Circuit reverses or remands for further proceedings, judicial economy and convenience would have been served by retaining jurisdiction and acting on the default judgment. *Id.* Plaintiff further argues that it would be unfair to require plaintiff to expend the time, cost, and expense of refiling this case given that defendant filed no answer and has so far not appeared or contested the case. *Id.* As plaintiff notes, if defendant had appeared

5

originally, plaintiff's breach of contract claim against Forney likely would have been addressed at summary judgment. *Id.* To make plaintiff refile would effectively allow a defaulting party to cause further delay, costs, expenses, and expenditure of judicial resources. *Id.* Plaintiff's arguments are well taken. The consideration of comity also weighs in plaintiff's favor because this is a standard breach of contract claim and the court would not need to rule on any unclear issue of state law. Accordingly, the undersigned recommends that the court retain jurisdiction over the state law breach of contract claim.

The court also has personal jurisdiction over defendant. The contract was to be performed and executed in Virginia, the location of the federal construction project that gives rise to this suit was in Virginia, and all of the facts and circumstances giving rise to the breach of contract claim occurred in Virginia. (Compl. ¶¶ 9, 11–15, 20, 85, 87, 92). Venue is proper in this court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to plaintiff's claims against defendant occurred in the Eastern District of Virginia. *Id.*

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court should retain jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

### Service

Pursuant to Federal Rule of Civil Procedure 4(h)(1), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States (A) in the manner prescribed in Rule 4(e)(1) for serving an individual, or (B) by delivering a copy of the summons and complaint to an officer, manager, or general agent, or any other agent authorized by law to receive service of process.

A summons was issued for service on defendant on June 25, 2020. (Docket no. 42). On July 2, 2020, legal service was made on the Secretary of the Commonwealth, as statutory agent for defendant pursuant to Section 8.01-329 of the Code of Virginia as amended. (Docket no. 45). On July 6, 2020, the summons and complaint were forwarded by certified mail to defendant. *Id.* On July 9, 2020, plaintiff filed the certificate of compliance with the court. *Id.* Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished in this action and defendant has notice of this action.

### Grounds for Default Judgment

In accordance with Federal Rule of Civil Procedure 12(a) and Virginia Code Section 8.01-329(c)(3), defendant was required to file a responsive pleading by July 30, 2020, twenty-one (21) days after the certificate of compliance was filed with the court. No responsive pleading has been filed by defendant and the time for doing so has expired. On June 11, 2021, plaintiff filed a request for entry of default against defendant pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 80). The Clerk of Court entered a default against defendant on June 17, 2021. (Docket no. 81).

For the reasons stated above, the undersigned magistrate judge recommends a finding that the Clerk of Court properly entered a default as to defendant.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *GlobalSantaFe Corp.*, 250 F. Supp. 2d at 613 n.3.

**Breach of Contract (Count I)**

Plaintiff alleges in count I of his second amended complaint a breach of contract claim based on defendant's failure to perform its obligations under the parties' agreement; namely, to pay for services rendered. (Compl. ¶¶ 10–14, 80, 89–94). According to Virginia choice of law rules, "the law of the place of performance governs questions arising in connection with performance of the contract." *Equitable Trust Co. v. Bratwursthaus Mgmt. Corp.*, 514 F.2d 565, 567 (4th Cir. 1975) (citing *Arkla Lumber & Mfg. Co. v. West Virginia Timber Co.*, 132 S.E. 840, 842 (Va. 1926)). Although the contract does not specify a place of payment, the contract was to be performed and executed in Virginia and all of the work was done at the federal construction site located in Virginia. (Compl. ¶¶ 9, 11–13, 20, 85, 87, 92; Docket no. 38-1). Accordingly, Virginia law applies to the claim for breach of contract.

To establish a breach of contract claim under Virginia law, the required elements are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009) (quoting *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)). On or about November 1, 2015, defendant agreed to pay plaintiff for services rendered.[4] (Compl. ¶¶ 13, 89; Docket no. 38-1). Therefore, defendant had a legally enforceable obligation to pay plaintiff for services rendered. Plaintiff rendered services to defendant during the period between November 2015 and February 2019. (Compl. ¶¶ 13, 24, 28, 91; Docket no. 76 at 1). Defendant failed to pay for all of those services rendered. (Compl. ¶¶ 80, 90, 92). Therefore, defendant breached its legally enforceable obligation to pay plaintiff. Plaintiff was clearly damaged due to the breach because he did not

---

[4] The contract was extended on April 1, 2018. (Compl. ¶ 13; Docket no. 38-11)

8

receive payment. Accordingly, the undersigned recommends a finding that plaintiff has established that defendant breached the contract between the parties.

## Relief

Plaintiff seeks in his second amended complaint (1) monetary damages in the amount of $442,600.00; (2) pre-judgment interest; and (3) costs. (Compl. at 22). Plaintiff seeks in his motion for default judgment $442,600 and costs. (Docket no. 82 at 1). Plaintiff seeks in his memorandum in support of his motion for default judgment $442,600 "with interest at the legal rate from the date of Judgment until paid, [and] the costs and expenses of this action." (Docket no. 83 at 1).

### Monetary Damages

Under the contract, defendant was obligated to pay plaintiff at least $442,600.00 for services rendered during the period from May 1, 2017 through February 28, 2019.[5] (Docket nos. 38-1 at 6, 38-15 at 3). Defendant has not paid this agreed upon amount to plaintiff. Defendant agreed to pay this amount pursuant to the contract by signing the contract. (Docket no. 38-1 at 5). Accordingly, the undersigned recommends a finding that plaintiff is entitled to $442,600.00 in monetary damages. Plaintiff is also entitled to interest at the legal rate from date of the judgment until he is paid pursuant to 28 U.S.C. § 1961, in addition to the costs of the action pursuant to 28 U.S.C. § 1920.

---

[5] Plaintiff was to be compensated at a rate of $20,600 per month, but he was not compensated for the work done from May 2017 to February 2019. (*See* Compl. ¶¶ 28–29; Docket nos. 38-1 at 6, 38-15 at 3). It appears plaintiff was compensated for about half of the work he performed in May 2017, and not compensated for any of the work he completed thereafter. *See id.*

9

## Conclusion

For these reasons, the undersigned recommends that default judgment be entered in favor of plaintiff Elliot H. Dickson and against defendant Forney in the total amount of $442,600.00 with interest from the date of judgment until paid. Plaintiff may submit a bill of costs to the court in accordance with 28 U.S.C. § 1920 once a judgment has been entered

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Forney Enterprises, Inc., 1818 New York Ave., NE, Suite 201, Washington, DC 20002, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 9th day of July, 2021.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia